IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN GILLEY,                                                CV. 05-1256-KI

        Plaintiff,                                        OPINION

    v.

STATE OF OREGON, et al.,

        Defendants.

KEVIN GILLEY
5025 S.E. Knapp St.
Portland, Oregon 97206

    Plaintiff, *Pro Se*

HARDY MYERS
Attorney General
TIMOTHY M. WOOD
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Defendants State of Oregon,
    Horton, Gallagher and Freeman

AGNES SOWLE
County Attorney for Multnomah County
STEPHEN L. MADKOUR
Assistant County Counsel
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214-3587

    Attorneys for Multnomah County

1 -- OPINION

J. SCOTT MOEDE
Deputy City Attorney
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

    Attorney for Defendants City of Portland and Torgerson

KING, Judge

    Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are defendants' motions to dismiss (#6, #8 and #15).

**BACKGROUND**

    On May 29, 2000, plaintiff was arrested for failing to provide a driver's license and driving while suspended. Defendant Torgerson conducted an inventory search of plaintiff's car, including a duffel bag and jewelry box contained therein, and discovered "what he believed to be a residual amount of methamphetamine." Amended Complaint at ¶ 7. A subsequent search of plaintiff's residence resulted in the alleged discovery of 113 grams of methamphetamine. Id. at ¶ 9.

    On June 6, 2000, plaintiff was indicted on charges of possession of a controlled substance and delivery of a controlled substance. Id. at ¶ 12. On December 20, 2000, plaintiff was convicted of both charges. Id. at ¶ 16. The Oregon Court of Appeals subsequently reversed plaintiff's conviction on the basis that Torgerson's discovery of the jewelry box, containing drug paraphernalia and drug residue, during the course of the inventory

2 -- OPINION

search of plaintiff's car should have been suppressed, and that the failure to do so was not harmless error.  State v. Gilley, 188 Or. App. 450, 454-55, 71 P.3d 582 (2003).  The Court of Appeals reversed the trial court *and remanded for a new trial*.  The Court of Appeals' decision was dated July 2, 2003, and effective August 14, 2003.

On September 11, 2003, plaintiff was re-indicted on charges of possession of a controlled substance, and delivery of a controlled substance.  Amended Complaint at ¶ 20.  However, on February 3, 2004, the charges were dismissed for lack of evidence.  Id.

In the instant proceeding, plaintiff sets forth four claims for relief:  (1) unreasonable search and seizure of plaintiff's duffel bag, jewelry box, and residence; (2) negligence; (3) malicious prosecution; and (4) cruel and unusual punishment.

<u>**STANDARDS**</u>

Dismissal for failure to state a claim is proper if it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  Ortez v. Washington County, 88 F.3d 804, 806 (9th Cir. 1996); Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  Because plaintiff is proceeding *pro se*, I construe the pleadings liberally and afford the plaintiff the benefit of any doubt.  Ortez, 88 F.3d at 806; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

3 -- OPINION

**<u>DISCUSSION</u>**

**I.    <u>Defendants Gallagher, Freeman, Horton and State of Oregon's Motion to Dismiss</u>**.

Plaintiff brings claims against the Honorable Stephen L. Gallagher, the Honorable Clifford L. Freeman, and Deputy District Attorney John Horton.  Judges Gallagher and Freeman presided over various stages of plaintiff's state prosecution.  Defendant Horton was the prosecuting attorney.

Plaintiff alleges that Gallagher, Freeman and Horton were negligent in "dealings with Plaintiff breaching their duty of care not to unnecessarily prosecute and wrongfully enter a conviction against Plaintiff, absent reasonable suspicion and probable cause and sufficient evidence."  Plaintiff alleges that Gallagher, Freeman, and Horton's alleged conduct constitutes malicious prosecution.

Judges Gallagher and Freeman are absolutely immune from suit for damages caused by judicial acts performed in their judicial capacity.  <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991); <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).  They are not deprived of immunity even if the actions taken were in error, were done maliciously, or were in excess of their authority.  <u>Mireles</u>, 502 U.S. at 11; <u>Stump</u>, 435 U.S. at 356-57.  Their judicial immunity is not overcome by allegations that they conspired with another party to predetermine the outcome of a judicial proceeding.  <u>Moore v.</u>

<u>Brewster</u>, 96 F.3d 1240, 1244 (9th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1118 (1997).

Similarly, Deputy District Attorney John Horton is entitled to absolute prosecutorial immunity from damages arising out of his alleged conduct during the course of plaintiff's criminal trial. <u>Kalina v. Fletcher</u>, 522 U.S. 118, 125 (1997); <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 270 (1993); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).

Plaintiff's claims against the State of Oregon are barred by the state's sovereign immunity. <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993); <u>Edelman v. Jordan</u>, 415 U.S. 651, 673-74 (1974); <u>see also</u> <u>Will v. Michigan Dep't. of State Police</u>, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983).

For all of these reasons, defendants Gallagher, Freeman, Horton, and the State of Oregon's motion to dismiss (#6) is granted.

II.  **<u>Multnomah County, City of Portland, and Torgerson's Motions to Dismiss</u>**.

Plaintiff alleges that defendant Torgerson conducted an unreasonable search and seizure on May 29, 2000, in violation of plaintiff's Fourth Amendment rights, and that he subject plaintiff to a malicious prosecution. Plaintiff alleges that the City of Portland "approved or ratified" Torgerson's conduct.

5 -- OPINION

Additionally, plaintiff alleges that Torgerson was negligent by "unnecessarily detain[ing], charg[ing], and arrest[ing] Plaintiff absent reasonable suspicion and probable cause", and that the City of Portland was negligent in its "hiring, training, supervision and retention" of Torgerson.

Finally, plaintiff alleges that Multnomah County violated his Fourth and/or Eighth Amendment rights by wrongfully incarcerating him. All of the foregoing defendants move to dismiss on the basis that the claims are time barred.

Oregon's two-year personal injury statute of limitations governs the timeliness of a § 1983 action in this court. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 126 S.Ct. 351 (2005). A cause of action accrues, for purposes of calculating the limitation period, when the plaintiff knows or has reason to know of the injury which is the basis of his action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992). The accrual of plaintiff's claims, however, is complicated by the fact that plaintiff's claims implicate the legality of the drug charges which were pending against him until February 3, 2004.

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a state prisoner's cause of action, which necessarily implicates the validity of his conviction or

confinement, does not accrue until the conviction or sentence has been invalidated.  The Ninth Circuit has applied the Heck rule to pending criminal charges, opining that the cause of action does not accrue "so long as the potential for a conviction in the pending criminal prosecution continues to exist." Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000).[1]  In accord with this reasoning, the Third Circuit has held that a plaintiff's § 1983 claim does not accrue when his conviction is reversed on appeal *and remanded for a new trial* but, rather, when the charges are subsequently dismissed. Smith v. Holtz, 87 F.3d 108, 113 (3rd Cir. 1996), cert. denied, 519 U.S. 1041 (1996).

Based on the foregoing, I reject defendants' contention that plaintiff's claims are time barred.  Contrary to defendants' argument that plaintiff's cause of action accrued when the Oregon Court of Appeals reversed his conviction and remanded for a new trial, I conclude that plaintiff's claims did not accrue until February 3, 2004, the date the criminal charges were dismissed. See O.R.S. 19.450(3) (if new trial is ordered by Court of Appeals, upon receipt of the appellate judgment by the trial court administrator, "the cause shall be deemed pending for trial"). Plaintiff filed and served his complaint within two years of that

---

[1] The Harvey Court also clarified that Heck applies to search and seizure claims.  210 F.3d at 1015.

date. Accordingly, the defendants' motions to dismiss plaintiff's amended complaint as time barred are denied.

### CONCLUSION

Based on the foregoing, defendants Gallagher, Freeman, Horton and the State of Oregon's motion to dismiss (#6) is GRANTED, and defendants Multnomah County, City of Portland, and Torgerson's motions to dismiss (#8 & #15) are DENIED.

IT IS SO ORDERED.

DATED this __1st__ day of March, 2006.

                                    __/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge