AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON
Stephen L. Madkour, OSB No. 94109
Assistant County Attorney
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
Telephone Number: (503) 988-3138
Facsimile Telephone Number: (503) 988-3377
Internet E-mail Address:  stephen.l.madkour@co.multnomah.or.us
          Of Attorneys for Defendant Multnomah County

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KEVIN GILLEY**, <br><br>                    Plaintiff, <br><br>     v. <br><br> **STATE OF OREGON**, and **MULTNOMAH COUNTY,** and **CITY OF PORTLAND**, and **OFFICER ERIC B. TORGERSON**, personally, and **DEPUTY DISTRICT ATTORNEY JOHN HORTON**, and **MULTNOMAH COUNTY CIRCUIT COURT JUDGE STEPHEN L. GALLAGHER** and **CLIFFORD L. FREEMAN**, <br><br>                    Defendants. | Civil Case No:  05-1256 KI <br><br> DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT <br><br> FRCP 56 |

Pursuant to Fed. R. Civ. P. 56, Defendant Multnomah County moves for summary

judgment as to all claims asserted by plaintiff in the above-titled action.   Summary Judgment is

PAGE 1 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
       MOTION FOR SUMMARY JUDGMENT

warranted because there are no genuine issues of material fact in dispute and Multnomah County is entitled to a judgment as a matter of law.

Plaintiff's 42 U.S.C. § 1983 claim against Multnomah County should be dismissed for failure to state a claim because the conduct complained of does not violate plaintiff's constitutional rights under the Fourth or Eighth Amendments to the United States Constitution. Plaintiff fails to state an official policy or custom claim against the County. Moreover, throughout plaintiff's incarceration with Multnomah County he was held pursuant to a lawful court order. Accordingly, the County is entitled to invoke the protections of quasi-judicial immunity.

## I. Background Facts

Plaintiff was arrested by City of Portland Police on May 29, 2000. (Amended Complaint ¶¶ 6, 11; Ex 101). Plaintiff was arraigned in State v. Kevin Ray Gilley, Multnomah County Circuit Court Case No. 0005-34393, and released from custody. (Ex 104).

Later, in August 28, 2000, plaintiff was against arrested. (Ex. 104). At that time there were at least two warrants outstanding for plaintiff's arrest. (Exs. 101 and 103; Child Declaration). Plaintiff was incarcerated with Multnomah County. (Child Declaration). Plaintiff was held pursuant to a Detention Warrant. (Exs. 101-102; Child Declaration). Pursuant to the terms of that warrant, bond could not be posted while the warrant was in force. (Exs. 101-102; Child Declaration). It is a no bail warrant. (Exs. 101-102; Child Declaration). Accordingly, plaintiff was to remain in custody pending disposition of the criminal charges against him. (Exs. 101-102; Child Declaration). The custody order remained in effect throughout plaintiff's incarceration by Multnomah County. (Ex. 101-102; Child Declaration).

At no time during plaintiff's period of incarceration with Multnomah County was an order issued releasing plaintiff on his own recognizance or granting bail. (Child Declaration). At all times during plaintiff's incarceration at Multnomah County, plaintiff's detention was subject to a lawful court order. (Exs. 101, 102 and 103; Child Declaration). Plaintiff was convicted by a Multnomah County jury on December 21, 2000, and sentenced on February 12, 2001. (Ex. 104).

## II. Argument

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The court must view the facts in a light most favorable to the nonmoving party. T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). However, if the moving party "meets its initial burden of showing 'the absence of material fact,' the burden then moves to the opposing party, who must present significant and probative evidence tending to support its claim or defense." Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilson Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). If the non-moving party fails to make this showing, the moving party is

entitled to a judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**B.     Plaintiff's Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1]  In his Amended Complaint, plaintiff alleges that Multnomah County violated his rights under the Fourth and Eighth Amendments of the United States Constitution by wrongfully incarcerating him.   (Amended Complaint ¶¶ 25, 48).

**C.     Applicable Law**

Municipalities are "persons" subject to liability under § 1983 where action pursuant to official municipal policy of some nature causes a constitutional tort.  Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992).  Under § 1983, a municipality may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior.  Id.  Consequently, to establish municipal liability under § 1983, a plaintiff must prove that the municipality itself must have caused the constitutional deprivation. Id.

To establish governmental liability under 42 U.S.C. § 1983, a plaintiff must plead and prove that the local governmental entity caused the constitutional tort pursuant to an official municipal policy or custom of some nature.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978).  The plaintiff must establish that (1) he

---

[1] 42 U.S.C. § 1983 states, in relevant part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . "

PAGE 4 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
         MOTION FOR SUMMARY JUDGMENT

Multnomah County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

possessed a constitutional right of which he was deprived; (2) that the deprivation was based on a municipal policy or custom; (3) that the policy or custom amounted to a "deliberate indifference" to the plaintiff's constitutional rights; and (4) that the policy or custom was the "moving force" behind the constitutional violation. City of Canton v. Harris, 489 U.S. 378, 387-389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). "To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983." Id. at 392.

**D.  Plaintiff Fails to State a Claim for Relief against Multnomah County**

Plaintiff's § 1983 claim for relief against Multnomah County fails as a matter of law because plaintiff has failed to state facts sufficient to establish a claim under 42 U.S.C. §1983. As an initial matter, there was no constitutional violation. Finding a constitutional violation is a prerequisite to any § 1983 claim. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (to maintain a § 1983 claim plaintiff must establish that a right secured by the constitution was violated).

Plaintiff alleges violations of the Fourth and Eighth Amendments. (Amended Complaint ¶¶ 25, 48). However, plaintiff offers no facts to support those constitutional claims. From the face of the Complaint, plaintiff's claims appear to be directed towards the manner in which he was arrested, charged, tried, and convicted. Multnomah County was not involved in any of these aspects, and plaintiff puts forth no facts that would implicate Multnomah County. On the contrary, in response to Interrogatories, plaintiff admits that the "physical acts that constituted unlawful search and seizure of plaintiff were not committed by Multnomah County." (See Ex. 105, p. 3). Plaintiff fails to raise a genuine issue of fact concerning his Fourth Amendment claim against Multnomah County.

PAGE 5 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
    MOTION FOR SUMMARY JUDGMENT

Multnomah County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

Plaintiff's Eighth Amendment claim likewise is deficient. The basic threshold inquiry in an Eighth Amendment analysis is that the conduct complained of must be wanton. <u>Wilson v. Seiter</u>, 501 U.S. 294, 302, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To establish liability for deliberate indifference based on the conditions of confinement under the Eighth Amendment, plaintiff must plead and prove not only that the condition in question caused a sufficiently serious harm or risk of harm, but also that the prison officials knew of the existing harm or the risk of harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 128 L.Ed.2d 811 (1994).

Where the claim concerns the use of force, the test is whether the force was applied "maliciously and sadistically" or with a good faith effort to restore order or discipline. <u>Whitley v. Albers</u>, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986); <u>See Hudson v. McMillian</u>, 503 U.S.1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("sadistic and malicious" standard applies to all cases of excessive force in the prison context). Under either test, plaintiff has failed to state a claim.

Plaintiff's confinement at Multnomah County was by way of a valid court order. (Child Declaration). Plaintiff was held by Multnomah County pursuant to a valid no bail warrant. <u>Id.</u> Multnomah County has no power to make decisions regarding an individual's term of custody. The County has custody and control only of those persons legally committed or confined in the county jail, whether pre-trial or serving a sentence. [2] As such, the County must receive authority pursuant to a statute or from the court prior to releasing an inmate.[3]

---

[2] ORS 169.005(7); ORS 169.110; ORS 169.320; ORS 206.010.

[3] <u>See e.g</u>, ORS 135.175, ORS 135.230 to 135.265; ORS 135.753; ORS 135.755; ORS 136.490, ORS 136.525, ORS 137.010, ORS 137.012.

PAGE 6 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

A municipality can be found liable under §1983 only where the municipality itself causes the unconstitutional violation. Board of the County Commissioners of Bryant County v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed. 2d 626 (1997). That is, a municipality has §1983 liability only if the constitutional injury results from action pursuant to its policy or custom or from the municipality's "deliberate indifference" as to known or obvious consequences of its actions. Id. at 407 (citing Canton v. Harris, 489 U.S. at 388). Plaintiff has failed to identify any such policy, practice, procedure, or custom that would expose Multnomah County to § 1983 liability.

In Oviatt v. Pearce, 954 F.2d 1470 (9th Cir. 1992), the court held that plaintiff showed that his confinement for a period of 114 days without an arraignment, bail hearing, or trial was due to a policy of inaction. In Oviatt, there were multiple incidents that demonstrated the county's policy of inaction. In the present case, however, plaintiff has failed to allege any unconstitutional reason for his confinement with Multnomah County, much less identify a County policy, procedure, or practice that is to blame for his custody prior to trial.

This court's ruling in Biberdorf v. Oregon, 243 F.Supp.2d 1145(D. Or. 2002), offers further support. In Biberdorf, plaintiff, an inmate, brought a § 1983 action because he did not receive credit for time served and, as a result was detained in prison for several weeks beyond his release date. The court, in dismissing plaintiff's eighth amendment claim, held that the evidence was insufficient to show that the county acted with the requisite "deliberate indifference."

Plaintiff's claim for relief against Multnomah County fails because plaintiff does not allege that he was unlawfully imprisoned by Multnomah County. Nor does plaintiff claim that the County was ever authorized to release plaintiff. Again, plaintiff was placed in County

PAGE 7 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
           MOTION FOR SUMMARY JUDGMENT

Multnomah County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

custody pursuant to a valid warrant.  Certainly, Multnomah County does not have the power to unilaterally release inmates housed pursuant to a valid court order.  Only a court may order an individual awaiting trial released from custody.  See ORS 135.245 (magistrate's responsibility in making a release decision) and ORS 135.255 (release prohibited unless release agreement is filed).  Plaintiff does not plead or otherwise contend that Multnomah County ever received any such order to release plaintiff at any time prior to his trial.

In summary, plaintiff has failed to establish a viable § 1983 claim against Multnomah County.  Plaintiff has failed to provide any evidence that Multnomah County violated his constitutional rights, or that the County had a policy, practice, or custom that resulted in a constitutional deprivation.  Accordingly, summary judgment against plaintiff's claims is proper.

**E.    Multnomah County is Entitled to Quasi-Judicial Immunity**

Plaintiff's claim for relief against Multnomah County fails because the County was detaining plaintiff subject to a lawful court order.  As such, the County is entitled to the protections afforded by quasi-judicial immunity.

Recently, in Taylor v. Multnomah County, 2004 U.S. Dis. LEXIS 18219 (D. Or. 2004), this court held that Multnomah County was entitled to quasi-judicial immunity on plaintiff's claim that he was unlawfully detained in County jail.  The court in Taylor relied on Coverdell v. Department of Social and Health Services, 834 F.2d 758, 764 (9th Cir. 1987), where the court held that "persons who faithfully execute valid court orders are absolutely immune from liability for damages in civil rights actions challenging conduct authorized by the order."  See also Waters v. Graham, 1999 U.S. Dist. LEXIS 8688 (D. Or. 1999) (granting quasi-judicial immunity

PAGE 8 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
       MOTION FOR SUMMARY JUDGMENT

Multnomah County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

to Multnomah County and sheriffs for actions undertaken pursuant to a document captioned an "Order Allowing Writ of Assistance").

In detaining plaintiff, defendant Multnomah County acted pursuant to a valid judge-issued detention warrant. As such, the County is entitled to quasi-judicial immunity for faithfully executing a valid court order to detain plaintiff.

### III. Conclusion

Plaintiff's § 1983 claim against Multnomah County fails as a matter of law because plaintiff can offer no facts to support the requisite standards under the Fourth or Eighth Amendments. Moreover, Multnomah County was housing plaintiff pursuant to a valid court order and is, therefore, entitled to quasi-judicial immunity. Accordingly, because no genuine issues of material fact exist, defendant Multnomah County is entitled to summary judgment. Plaintiff's complaint should be dismissed with prejudice.

Dated this 29th day of June, 2006.

Respectfully submitted,

AGNES SOWLE, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON


s/ Stephen L. Madkour
Stephen L. Madkour, OSB No. 94109
Assistant County Attorney
    Of Attorneys for Defendant Multnomah County

PAGE 9 – DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF
        MOTION FOR SUMMARY JUDGMENT

Multnomah County Attorneys
501 SE Hawthorne Blvd., Suite 500
Portland, Oregon 97214
(503) 988-3138

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2006, I served the foregoing **DEFENDANT MULTNOMAH COUNTY'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on:

>Kevin R. Gilley
>PMB 430
>4326 SE Woodstock Blvd.
>Portland, OR 97206
>    Plaintiff, *Pro Se*

>by **mailing** to said person(s) a true copy thereof, said copy placed in a sealed envelope, postage prepaid and addressed to said person(s) at the last known address for said person(s) as shown above, and deposited in the post office at Portland, Oregon, on the date set forth above.

AND ON:

>    J. Scott Moede, of Attorneys for defendant City of Portland, by **electronic court filing** pursuant to LR 100.

>    s/ Nora McConnell
>    Nora McConnell
>    Assistant to Stephen L. Madkour