IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KEVIN GILLEY,                                    )
                                                 )
                    Plaintiff,                   )       Case No. 05-1256-KI
                                                 )
        vs.                                      )       OPINION AND ORDER
                                                 )
STATE OF OREGON, and MULTNOMAH )
COUNTY, and CITY OF PORTLAND, and )
OFFICER ERIC B. TORGERSON,                       )
personally, and DEPUTY DISTRICT                  )
ATTORNEY JOHN HORTON, and                        )
MULTNOMAH COUNTY CIRCUIT                          )
COURT JUDGE STEPHEN L.                           )
GALLAGHER and CLIFFORD L.                        )
FREEMAN,                                         )
                                                 )
                    Defendants.                  )


        Kevin R. Gilley
        PMB 430
        4326 S.E. Woodstock
        Portland, Oregon  97206

            Pro Se Plaintiff


Page 1 - OPINION AND ORDER

Agnes Sowle
County Attorney
for Multnomah County, Oregon
Stephen L. Madkour
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon  97214

J. Scott Moede
City Attorney's Office
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

       Attorneys for Defendants

KING, Judge:

Plaintiff Kevin Gilley, proceeding *pro se*, brings a civil rights action against Multnomah County, the City of Portland and Officer Eric B. Torgerson for violations of Gilley's constitutional rights arising out of a 22-month period of incarceration.  This Court previously dismissed the State of Oregon, the Deputy District Attorney John Horton, the Honorable Stephen L. Gallagher and the Honorable Clifford L. Freeman.  Before the court is Multnomah County's Motion for Summary Judgment (#35).  For the following reasons, I grant the motion.

## FACTS

I reiterate the facts set forth in my Opinion of March 1, 2006 for ease of reference.  On May 29, 2000, plaintiff was arrested for failing to provide a driver's license and driving while suspended.  Defendant Torgerson conducted an inventory search of plaintiff's car, including a duffel bag and jewelry box contained therein, and discovered "what he believed to be a residual amount of methamphetamine."  Amended Complaint ¶ 7.  A subsequent search of plaintiff's residence resulted in the alleged discovery of 113 grams of methamphetamine.

Page 2 - OPINION AND ORDER

On June 6, 2000, plaintiff was indicted on charges of possession of a controlled substance and delivery of a controlled substance.  On December 20, 2000, plaintiff was convicted of both charges.  The Oregon Court of Appeals subsequently reversed plaintiff's conviction on the basis that Torgerson's discovery of the jewelry box, containing drug paraphernalia and drug residue, during the course of the inventory search of plaintiff's car should have been suppressed, and that the failure to do so was not harmless error.  State v. Gilley, 188 Or. App. 450, 454-55, 71 P.3d 582 (2003).  The Court of Appeals reversed the trial court and remanded for a new trial.  The Court of Appeals' decision was dated July 2, 2003, and became effective August 14, 2003.

On September 11, 2003, plaintiff was re-indicted on charges of possession of a controlled substance, and delivery of a controlled substance.  However, on February 3, 2004, the charges were dismissed for lack of evidence.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party.  Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 375 (1999).

Before dismissing a *pro se* complaint, the court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend.  Eldridge v. Block, 832 F.2d 1132, 1136

(9th Cir. 1987).  However, the court may dismiss a *pro se* complaint outright when it is

"absolutely clear that the deficiencies of the complaint could not be cured by amendment."

Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## DISCUSSION

In his Amended Complaint, plaintiff asserts that Multnomah County violated his Fourth

and Eighth Amendment rights by wrongfully incarcerating him.

Washington County argues that under Monell v. Department of Social Services, 436 U.S.

658, 691 (1978), the County cannot be held liable for the acts of its employees.  Instead, under

Monell, municipalities and other local governing bodies may be liable pursuant to Section 1983

under any of three theories:  (1) if an employee was acting pursuant to an expressly adopted

official policy; (2) if an employee was acting pursuant to a longstanding practice or custom; or

(3) if an employee was acting as a final policymaker.  Lytle v. Carl, 382 F.3d 978, 982 (9th Cir.

2004).

Before getting to whether plaintiff can sustain a Monell claim against the County, the

County argues that plaintiff is unable to offer any facts to support his claim that his Fourth and

Eighth Amendment rights were violated in the first place.  With regard to his Fourth Amendment

claim, in response to interrogatories, plaintiff admits that the "physical acts that constituted

unlawful search and seizure of plaintiff were not committed by Multnomah County."  Decl. of

Stephen L. Madkour in Supp. of Def.'s Mot. for Summ. J., Ex. 105 at 3.  As for his Eighth

Amendment claim, plaintiff fails to establish any facts showing that the conditions of his

confinement caused a "substantial risk of serious harm" or that force was applied "maliciously

and sadistically" while he was incarcerated at the County's facility.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Whitley v. Albers, 475 U.S. 312, 321 (1986).

Plaintiff admits that the County did not undertake the search and seizure, and concedes that he has no quarrel with the County over the quality of his confinement.  Rather he argues that the County "condoned the unconstitutional and unlawful actions by allowing Multnomah County District Attorney and Multnomah County Judges to proceed against plaintiff without considering or questioning the violation of plaintiff's constitutional rights." Pls.' Opp. to Def. Multnomah County's Mot. for Summ. J. at 2.  In addition, plaintiff claims that the County is "ultimately responsible for the actions of [its] employees," and "[h]ad the [C]ounty adequately supervised and trained its employees plaintiffs may have never been wrongfully imprisoned for 22 months." Id. at 5.  Finally, plaintiff asks for leave to amend his Complaint if he has not clearly stated this claim against Multnomah County.

After reviewing the briefing and the Amended Complaint, there is no genuine issue of fact remaining for trial as to whether Multnomah County violated plaintiff's Fourth and Eighth Amendment rights, and accordingly the County's Motion for Summary Judgment is granted.

Instead, plaintiff explains that he intended to bring an inadequate training claim or allege that the County somehow condoned the actions of the deputy district attorney and circuit court judge and should be liable on this basis.  Plaintiff does not allege these facts and legal theories in his Complaint as to Multnomah County.  Plaintiff requests leave to amend.

An inadequate training claim may serve as the basis of municipal liability under Section 1983 and the guidance of Monell.  Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989); City of Canton v. Harris, 489 U.S. 378, 387-391 (1989).  However, even if plaintiff

Page 5 - OPINION AND ORDER

amended his complaint, he could not assert a claim against the County on the basis that it failed to train the deputy district attorney. The Multnomah County District Attorney's Office is an agency or subdivision of the State of Oregon. See Dotson v. Lane County Dist. Attorney's Office, No. Civ. 05-6004-TC, 2005 WL 1389070 (D. Or. May 19, 2005). The district attorney is a law officer of the state who is elected by the voters of the county, or appointed by the governor to fill a vacancy until the next election. ORS 8.610, 8.640. The district attorney has the power to appoint deputy district attorneys. ORS 8.760, 8.780. Deputy district attorneys are "subject to the direction of the district attorney." ORS 8.780. Accordingly, Multnomah County is not responsible for hiring, training, supervising or retaining its deputy district attorneys, and cannot be liable for any actions of the deputy district attorney.

Similarly, the circuit court judge about whom plaintiff complains is elected by the citizens of the relevant judicial district and is considered to be an employee of the state. ORS 1.001 (circuit courts funded and operated at the state level); ORS 3.030 (election of circuit judges). Accordingly, Multnomah County cannot be liable for any actions of the circuit court judge.

In conclusion, Multnomah County's Motion for Summary Judgment is granted, and plaintiff's claims against the County are dismissed with prejudice. Plaintiff cannot cure any defect in his pleading and his request for leave to amend is denied.

///

///

Page 6 - OPINION AND ORDER

## CONCLUSION

Based on the foregoing, Multnomah County's Motion for Summary Judgment (#35) is granted. All claims against the County are dismissed with prejudice.

IT IS SO ORDERED.

Dated this ____28th_____ day of September, 2006.


____/s/ Garr M. King_____
Garr M. King
United States District Judge