IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| KEVIN GILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 05-1256-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| STATE OF OREGON, and MULTNOMAH | ) | |
| COUNTY, and CITY OF PORTLAND, and | ) | |
| OFFICER ERIC B. TORGERSON, | ) | |
| personally, and DEPUTY DISTRICT | ) | |
| ATTORNEY JOHN HORTON, and | ) | |
| MULTNOMAH COUNTY CIRCUIT | ) | |
| COURT JUDGE STEPHEN L. | ) | |
| GALLAGHER and CLIFFORD L. | ) | |
| FREEMAN, | ) | |
| | ) | |
| Defendants. | ) | |

    Kevin R. Gilley
    PMB 430
    4326 S.E. Woodstock
    Portland, Oregon  97206

        Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Agnes Sowle
County Attorney
for Multnomah County, Oregon
Stephen L. Madkour
Assistant County Attorney
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon  97214

J. Scott Moede
City Attorney's Office
1221 S.W. Fourth Avenue, Room 430
Portland, Oregon 97204

       Attorneys for Defendants

KING, Judge:

Plaintiff Kevin Gilley, proceeding *pro se*, brings a civil rights action against the two remaining defendants, the City of Portland and Officer Eric B. Torgerson, for violations of Gilley's constitutional rights arising out of a 22-month period of incarceration.  Before the court is the Motion for Summary Judgment filed by the City of Portland and Officer Torgerson (#58).

## PROCEDURAL BACKGROUND

This Court previously dismissed the State of Oregon, the Deputy District Attorney John Horton, the Honorable Stephen L. Gallagher, the Honorable Clifford L. Freeman, and Multnomah County.

Defendants City of Portland and Officer Torgerson filed their motion for summary judgment on December 8, 2006.  Plaintiff was granted an extension of time to file a response up to and including February 1, 2007.  Plaintiff has not filed a response.

On February 22, 2007, defendants filed a Supplemental Pleading in Support of Defendants City of Portland and Eric Torgerson's Motion for Summary Judgment and Renewal of Motion to Dismiss on the Basis that Plaintiff's Claims are Time-Barred (#65).

**FACTS**

On May 29, 2000, plaintiff was arrested for failing to provide a driver's license and driving while suspended. Defendant Torgerson conducted a search of the car plaintiff was driving, including a duffel bag and jewelry box contained therein, and discovered "what he believed to be a residual amount of methamphetamine." Amended Complaint ¶ 7. A subsequent search of plaintiff's residence resulted in the alleged discovery of 113 grams of methamphetamine.

On June 6, 2000, plaintiff was indicted on charges of possession of a controlled substance and delivery of a controlled substance. On December 20, 2000, plaintiff was convicted of both charges. The Oregon Court of Appeals subsequently reversed plaintiff's conviction on the basis that Torgerson's investigation of the jewelry box, containing drug paraphernalia and drug residue, during the course of the inventory search of the car plaintiff was driving was unlawful, that the evidence should have been suppressed, and that the failure to do so was not harmless error. State v. Gilley, 188 Or. App. 450, 454-55, 71 P.3d 582 (2003). The Court of Appeals reversed the trial court and remanded for a new trial. The Court of Appeals' decision was dated July 2, 2003, and became effective August 14, 2003.

On September 11, 2003, plaintiff was re-indicted on charges of possession of a controlled substance, and delivery of a controlled substance. However, on February 3, 2004, the charges were dismissed for lack of evidence.

Page 3 - OPINION AND ORDER

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Robi v. Reed, 173 F.3d 736, 739 (9th Cir.), cert. denied, 528 U.S. 375 (1999).

**DISCUSSION**

In his Amended Complaint, plaintiff asserts that Torgerson violated plaintiff's Fourth Amendment right to be free from unlawful search and seizure when Torgerson searched plaintiff's duffel bag and bedroom, and detained and incarcerated plaintiff without probable cause. Plaintiff alleges that the City of Portland "approved or ratified" Torgerson's conduct. Plaintiff also alleges a negligence claim against Torgerson, contending that Torgerson breached his duty of care to plaintiff by unnecessarily detaining, arresting and charging plaintiff without probable cause, as well as a malicious prosecution claim. Plaintiff finally alleges that the City of Portland was negligent in hiring, training, supervising and retaining Torgerson.

I.   Fourth Amendment Claim

In their Supplemental Pleading, defendants have alerted this court that the Supreme Court recently issued an Opinion that calls this court's Opinion and Order on defendants' Motion to Dismiss, filed on March 1, 2006, into question.

I pointed out in the March Opinion and Order that Oregon's two-year personal injury statute of limitations governs the timeliness of a Section 1983 action in this court. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 126 S. Ct. 351 (2005). I also stated that the cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992). Applying the rule from Heck v. Humphrey, 512 U.S. 477, 487 (1994), that a Section 1983 plaintiff must prove that the conviction or sentence has been invalidated in order to recover damages, and the rule from Harvey v. Waldron, 210 F.3d 1008, 1014-15 (9th Cir. 2000), that a Section 1983 claim does not accrue "so long as the potential for a conviction in the pending criminal prosecution continues to exist," I held that plaintiff's claims accrued on February 3, 2004, when the criminal charges were dismissed against him. As a result, I found that plaintiff's complaint, which was filed on August 12, 2005, was brought within the applicable statute of limitations.

In Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007), the Supreme Court reiterated that the accrual date of a Section 1983 claim occurs when the plaintiff has "a complete and present cause of action." (citation omitted). Accordingly, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 1100. The Supreme Court evaluated the rule in Heck, and concluded that it does not operate to toll the statute of limitations. Instead, "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other

Page 5 - OPINION AND ORDER

claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 1098.

Because this court's earlier conclusion is undermined by the Supreme Court's intervening decision in Wallace v. Kato, I now find that plaintiff brought his Section 1983 claims against Torgerson and the City of Portland outside the applicable two-year statute of limitations. According to Wallace, plaintiff's claim arising from the allegedly unlawful search and arrest accrued in 2000, the time when the allegedly unlawful search occurred and when plaintiff was detained pursuant to legal process. Since plaintiff did not file his complaint until August 12, 2005, plaintiff's claims are outside the two-year statute of limitations and his Fourth Amendment claim must be dismissed.

II.     State Claims

The Oregon statutes of limitations and related service requirements control when determining whether a claim based on state law is timely. Pulido v. United Parcel Services, 31 F. Supp. 2d. 809, 816 (D. Or. 1998) ("a federal district court sitting in diversity must apply the statute of limitations laws of the state in which it sits").

In Oregon, claims arising from the actions of public employees in the course and scope of their employment are regulated by the Oregon Tort Claims Act. The applicable statute of limitations provides:

> Except as provided in ORS 12.120 [escape from sheriff, libel], 12.135 [real property construction] and 659A.875 [unlawful employment practices], but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body within

>the scope of [the OTCA] shall be commenced within two years after the alleged loss or injury.

ORS 30.275(9).

Plaintiff's claim that Torgerson breached his duty of care to plaintiff by unnecessarily detaining, arresting and charging plaintiff without probable cause arose in 2000, but plaintiff did not file and serve his complaint until 2005, well after the applicable two-year statute of limitations. For the same reason, plaintiff's claim that the City of Portland was negligent in hiring, training, supervising and retaining Torgerson is barred by the statute of limitations.

Since the elements of malicious prosecution are different than those for false arrest, plaintiff's malicious prosecution claim against Torgerson arose later than 2000. A plaintiff who seeks damages against one who wrongfully prosecutes a civil action against him must prove, among other things, that the proceeding terminated in his favor. Alvarez v. Retail Credit Ass'n of Portland, Or., Inc., 234 Or. 255, 381 P.2d 499 (1963). As a result, plaintiff's cause of action against Torgerson did not arise until the Oregon Court of Appeals issued its decision. The decision became effective on August 14, 2003.

Plaintiff filed the action on August 12, 2005, but did not serve defendants until October 19, 2005. Since 1899, the Oregon Supreme Court has held that an action is commenced within the statute of limitations "when the complaint is filed and the summons is served on the defendant." Lindsey v. Farmers Inc. Co. of Oregon, 170 Or. App. 458, 464, 12 P.3d 571, 574 (2000) (internal quotation marks and citations omitted). Normally the limitations period is extended by 60 days, pursuant to ORS 12.020(2), if the plaintiff serves the defendant within that time. However, ORS 12.020(2) does not apply to OTCA claims. Sjogren v. City of Seaside, No.

05-CV-1478-ST, 2007 WL 221869 (D. Or. Jan. 19, 2007) (citing Baker v. City of Lakeside, 206 Or. App. 718, 138 P.3d 894 (2006) (court affirmed dismissal of a claim against a public body that was not both filed and served within two years), rev. allowed by 341 Or. 548, 145 P.3d 1109 (Or. Oct. 19, 2006)).  Accordingly, plaintiff's malicious prosecution claim is also untimely.

## CONCLUSION

Based on the foregoing, plaintiff's complaint is dismissed.  Since I did not rule on the merits of the Motion for Summary Judgment (#58) filed by Torgerson and the City of Portland, I deny it as moot.

IT IS SO ORDERED.

Dated this _____13th_____ day of March, 2007.


      /s/ Garr M. King
    Garr M. King
    United States District Judge